JERRY S. BUSBY
Nevada Bar #001107
COOPER LEVENSON, P.A.
1835 Village Center Circle
Las Vegas, Nevada 89134
(702) 366-1125
FAX: (702) 366-1857
jbusby@cooperlevenson.com

Attorneys for Defendant
SMITH'S FOOD & DRUG CENTERS, INC.

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANTONIO SMITH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SMITH'S FOOD & DRUG CENTERS, INC.; DOES 1 through 100; and ROE CORPORATION 101 through 200, inclusive,<br><br>Defendant(s). | CASE NO. 2:17-cv-02959-RFB-GWF<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY**<br>**(First Request)** |

WHEREAS, the parties participated in the FRCP Rule 26(f) conference and thereafter exchanged their respective disclosure statements in a timely manner and have begun discovery; and

WHEREAS, Defendant is scheduled take Plaintiff's deposition on April 10, 2018, and Plaintiff is in the process of scheduling the depositions of Defendant's employees and/or knowledgeable representative/s; and

WHEREAS, the parties have been cooperating in discovery but have encountered unexpected problems that have caused delays in responding to written discovery, taking depositions and gathering all of the medical records relevant to Plaintiff's claim for damages; and

WHEREAS, the parties intend to identify and disclose expert witnesses but will need additional time to do so as the parties are still gathering the requisite foundational evidence needed by the experts to provide their expert opinions; and

WHEREAS, counsel for the parties previously discussed and agreed to extend discovery to allow the parties to complete the same. Unfortunately, due to scheduling conflicts and other obligations,

counsel were unable to finalize and submit this stipulation earlier;

IT IS HEREBY STIPULATED AND AGREED by and between KARLA M. GABOUR, ESQ. of the law firm BERNSTEIN & POISSON, Attorneys for Plaintiff ANTONIO SMITH, and JERRY S. BUSBY, ESQ. of the law firm COOPER LEVENSON, P.A., Attorneys for Defendant SMITH'S FOOD & DRUG CENTERS, INC. that certain discovery deadlines in this matter be continued for a period of 45 days to provide additional time for counsel for the parties to retain and disclose expert witnesses.

### A. STATEMENT SPECIFYING THE DISCOVERY THAT HAS BEEN COMPLETED.

1. The parties participated in the Fed. R. Civ. P. 26(f) conference on December 12, 2017.
2. Both parties made their initial disclosures of evidence pursuant to Fed. R. Civ. P. 26.1(a)(1) in a timely fashion.
3. Plaintiff is finalizing written discovery to serve on Defendant.
4. Defendant served interrogatories, requests for admissions, and requests for production of documents and Plaintiff responded to the same after being granted two extensions.
5. Defendant has requested and recently received HIPAA authorizations from Plaintiff's attorney and has sent document requests to the medical providers identified by Plaintiff (approximately ten providers). In addition, Defendant has identified other medical providers and has sent a request to Plaintiff's attorney to provide authorizations for the same. As a result, Defendant anticipates receiving medical records within the next thirty days from the providers identified by Plaintiff. Defendant will need additional time to recover records from the additional providers identified and for whom HIPAA authorizations have been requested but not yet received.
6. Defendant has scheduled the Plaintiff's deposition to take place on April 10, 2018. (Defendant desired to take the Plaintiff's deposition earlier; however, due to unexpected delays in responding to written discovery and scheduling conflicts, April 10th was the earliest date that Plaintiff could be deposed.)
7. Plaintiff will schedule the deposition to Defendant's employees with knowledge of the accident or with information relevant to the operation of the store in question.

## B. SPECIFIC DESCRIPTION OF THE DISCOVERY THAT REMAINS TO BE COMPLETED

Defendant has scheduled Plaintiff's deposition to take place on April 10, 2018. Plaintiff will schedule depositions of Defendant's employees. Both parties intend to retain and identify experts after the necessary foundational information has been recovered by counsel.

## C. REASONS WHY THE DISCOVERY REMAINING WAS NOT COMPLETED WITHIN THE DEADLINES CONTAINED IN THE AMENDED DISCOVERY SCHEDULING ORDER

The attorney working for the law firm representing Plaintiff left the firm which resulted in this case being reassigned to another attorney and delayed Plaintiff in serving written discovery on Defendant. With the change in attorneys, there were also delays in having Plaintiff respond to Defendant's discovery requests. Additionally, Defense counsel identified additional medical providers that were mentioned in medical records disclosed by Plaintiff's attorney. The importance of these providers is unknown at this time but it is necessary to recover their records, especially since one of the "new" providers is a pain management doctor.

## D. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

As a result of the above, it is requested that the deadlines for Defendant's Disclosure of Rebuttal Experts, Close of Discovery, and Dispositive Motions in this case be continued 60 days from their present deadlines.

1. **Discovery Cut-Off Date:** The parties jointly propose that the discovery cut-off date will be extended 45 days from its present deadline of **May 29, 2018 to July 23, 2018.**

2. **Amending the Pleadings and Adding Parties:** The parties are *not* requesting an extension of this deadline.

3. **Fed.R.Civ.P. 2(a)(2) Disclosures (Experts):** The parties request that Initial Expert Disclosure be extended from **March 30, 2018** to **May 29, 2018**. Disclosure of Rebuttal Experts be extended from **April 30, 2018** to **June 29, 2018**.

4. **Interim Status Report:** The parties request that the date to file a Joint Interim Status Report be continued from **March 30, 2018** to **May 29, 2018**.

**5. Dispositive Motions:** The parties request that date for filing dispositive motions be continued from **June 28, 2018** to **August 27, 2018**.

**6. Pretrial Order:** The parties request that date for filing the joint pretrial order be continued from **July 30, 2018** to **September 28, 2018**. In the event that dispositive motions are filed, the date for filing the joint pretrial order shall be suspended until 30 days after decision on the dispositive motions or until further order of the court. In the further event that the discovery period is extended from the discovery cut-off date set forth in the Discovery Plan and Scheduling Order, the date for filing the joint pretrial order shall be extended in accordance with the time periods set forth in this paragraph.

Respectfully submitted this 22nd day of March, 2018.

| BERNSTEIN & POISSON | COOPER LEVENSON, P.A. |
|---|---|
| /s/ Karla M. Gabour | /s/ Jerry S. Busby |
| KARLA M. GABOUR, ESQ. | JERRY S. BUSBY, ESQ. |
| Nevada Bar # 13123 | Nevada Bar # 001107 |
| 320 South Jones Boulevard | 1835 Village Center Circle |
| Las Vegas, Nevada 89107 | Las Vegas, Nevada 89134 |
| (702) 256-4566 | (702) 366-1125 |
| Attorneys for Plaintiff | Attorneys for Defendant |
| ANTONIO SMITH | SMITH'S FOOD & DRUG CENTERS, INC. |

IT IS SO ORDERED:

_/s/ George Foley Jr._
UNITED STATES MAGISTRATE JUDGE
DATED: 3/26/2018

CLAC 4409730.1